**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

| | |
|---|---|
| **MINISTER CLEVELAND WINSTON KILGORE-BEY, ET AL.,** | |
| **Petitioner,** | **Civil No.: 3:19-CV-197 (GROH)** |
| **v.** | |
| **WILLAIM BARR, and WARDEN HUGGINS,** | |
| **Respondents.** | |

## REPORT AND RECOMMENDATION[1]

### I.    INTRODUCTION

On November 25, 2019, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Petitioner is currently housed at Gilmer FCI, with a projected release date of December 14, 2020.[2]  Although not a model of clarity, the petition appears to challenge Petitioner's conviction and sentence imposed in the United States District Court for the District of Maryland, and that court's subject matter jurisdiction over him.   ECF No. 1.   In addition to his petition, on November 25, 2019, Petitioner also filed a motion for leave to proceed in forma pauperis and a motion for expedited response.  ECF Nos. 2, 3.

This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

---

[1] Unless otherwise noted, ECF citations refer to the instant case, No. 3:19-CV-197.

[2] *Inmate Locator*, BUREAU OF PRISONS, https://www.bop.gov/inmateloc/.

## II.    FACTUAL AND PROCEDURAL HISTORY[3]

### A. Conviction and Sentence

On September 28, 2006, a jury in the District of Maryland found Petitioner, identified in court proceedings as Cleveland Kilgore, guilty of Counts 1 through 8 of the indictment which charged him with bank fraud, aggravated identity theft and aiding and abetting those offenses.   ECF No. 35.   On December 19, 2006, Petitioner was sentenced to a total term of 149 months of imprisonment, comprised of 125 months as to Counts 1, 3, 5 and 7, all of which were to be served concurrently with one another, and to 24 months as to Counts 2, 4, 6 and 8, all of which were to be served concurrently with one another, but consecutively to the 125 month sentence imposed in Counts 1, 3, 5 and 7.   ECF No. 39 at 2.   Following incarceration, Petitioner was sentenced to five years of supervised release.   Id. at 3.

After Petitioner completed his sentence, he was released to supervised release, but was subsequently detained due to alleged violations of his supervised release.   ECF No. 145.   Following his detention, Petitioner was sentenced to an additional 24 months of incarceration for those violations of his supervised release, with no period of supervised release to follow.   Id.

### B.    Direct Appeal

Petitioner appealed to the Fourth Circuit Court of Appeals, which affirmed his conviction and sentence by unpublished per curiam opinion decided November 15,

---

[3] All CM/ECF references in sections II.A. through II.C., unless otherwise noted, refer to entries in the docket of Criminal Action No. 8:06-CR-115, District of Maryland, available on PACER.   Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (Courts "may properly take judicial notice of public record); Colonial Penns. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

2007, in that court's docket 07-4025.  U.S.C.A., 4th Cir., ECF No. 74, <u>U.S. v. Kilgore</u>, 2007 WL 4022840.  In the opinion, the court wrote:

> Kilgore does not dispute that his criminal prosecution involved the laws of the United States.  Relying on commercial law, he provides no valid authority for the proposition that the district court lacked subject matter jurisdiction.  To the extent that Kilgore argues in his informal brief that he is a "Foreign Nation (not a person) who rules autonomously and [is] not subject to any entity or jurisdiction anywhere," his claim is patently meritless.  Accordingly, we find that the district court properly exercised subject matter jurisdiction over Kilgore's criminal prosecution under 18 U.S.C. § 3231.

<u>Id.</u> at 2 – 3.  A review of the docket of both the underlying criminal case from the District of Maryland, and the docket of his appeal in the Fourth Circuit Court of Appeals, shows that Petitioner did not seek a writ of certiorari from the Supreme Court.

### C.    Post-Conviction Relief

Petitioner is a frequent litigant who has repeatedly sought post-conviction relief in various forms.  This Report and Recommendation summarizes the results of only some of the many cases[4] Petitioner has filed in various federal courts.

---

[4] Other cases initiated by Petitioner include the following filed:

In the District of Arizona: 4:10-CV-33;

In the Middle District of Florida:  5:09-CV-333; 5:09-CV-362; 5:10-CV-39; 5:10-CV-123; 3:10-CV-536; 5:11-CV-268; 5:11-CV-489; 5:11-CV-522; and 5:11-CV-669;

In the Western District of Louisiana: 2:15-CV-2063; and 2:16-CV-1324;

In the District of Maryland: 1:18-CV-3489 (where he raised his status as an alleged sovereign citizen);

In the Southern District of Mississippi: 5:13-CV-77; 5:13-CV-227; and 3:14-CV75;

In the District of South Carolina: 0:08-CV-506; 9:08-CV-3200; 9:08-CV-3545; and 9:09-CV-1487; and

In the Eastern District of Virginia: 1: 07-CV-715; and 1: 09-CV-1076.

On December 6, 2007, Petitioner filed a motion for relief pursuant to Rule 60(b), which was denied by order entered January 15, 2008.  ECF Nos. 67, 74.

Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 on March 8, 2011.  ECF No. 90.  Therein, among other assertions, Petitioner claimed to be "an internationally protected person and currently detained by fraud, misrepresentation, collusion, and deceit through criminal judgment."  Id. at 2.  Petitioner further claimed that the court lacked both personal and subject matter jurisdiction.  Id.  In its order denying his motion to vacate as time-barred, the district court noted that Petitioner called himself "Ambassador-Cleveland Winston Kilgore, Jr.", who claimed to be detained in violation of international law.  ECF No. 107 at 2.  The Court further found that his claims of unlawful arrest and detention, prosecutorial fraud and deceit were unfounded and that "[n]otably, these claims are generally stated without supporting facts."  Id. at 3.

Petitioner filed a civil rights action in the District of Maryland, on April 11, 2012.  D. Md. 1:12-CV-1101, ECF No. 1.  On May 1, 2012, the district court dismissed the case as frivolous and assigned one "strike" pursuant to 28 U.S.C. § 1915(g).  D. Md. 1:12-CV-1101, ECF Nos. 2, 3.

On June 26, 2017, Petitioner sought relief in a civil rights action wherein he alleged that defendants violated his civil rights by forcibly placing a GPS monitoring deice on his left leg.  D.Md. 1:17-CV-1751, ECF No. 1.  In its August 14, 2017, memorandum opinion dismissing the complaint as frivolous and for failure to state a claim, the district court noted that, "Kilgore-Bey's complaint and his cases previously in this District echo the 'flesh and blood' or 'sovereign man' philosophy. . . . For example,

4

Kilgore-Bey's claims [ ] suggest that he views himself of independent nationality."
D.Md. 1:17-CV-1751, ECF No. 5 at 3.

Petitioner filed another civil rights action in the District of Maryland on January 2,
2018.  D.Md. 1:18-CV-7, ECF No. 1.  In its February 28, 2018, order dismissing the
case as frivolous and for failure to state a claim, the district court summarized
Petitioner's claims to include allegations that Petitioner had obtained a copyright on his
name, and that the defendants had used his name for wrongful purposes.  D.Md. 1:18-
CV-7, ECF No. 6.  The district court again noted that petitioner's complaint and prior
cases refer to the sovereign citizen doctrine, that the complaint failed to state a
plausible, non-frivolous claim and was without merit.  Id. at 4.  Further, the district court
stated that the dismissal of action 1:18-CV-7 would constitute a second "strike" under
28 U.S.C. § 1915(g), with the first strike having been assigned from the dismissal of
1:12-CV-1101. Id.

On December 20, 2018, Petitioner filed another petition for habeas corpus
alleging that a federal warrant issued in October 2018, violated his Fourth and Fifth
Amendment rights.  D.Md. 1:18-CV-3935, ECF No. 1.  In the December 27, 2018,
order dismissing the petition and denying a certificate of appealability, the district court
noted that "[a] bench warrant was issued for [Petitioner] in October 2018, after he failed
to appear at a hearing to consider whether he had violated the terms of his supervised
release."  D.Md. 1:18-CV-3935, ECF No. 2.

On April 9, 2019, in the original criminal case, the district court entered an order
of detention pending trial.  ECF No. 129.  Therein, the court noted that Petitioner "is
charged with  violation of supervised release in two cases", that he had a prior failure

to appear, was convicted of a robbery while on supervised release, and that there was an active warrant for his arrest in Loudoun County, Virginia.  Id. at 3.

On April 15, 2019, Petitioner filed another petition for habeas corpus pursuant to § 2241 styled, "motion for leave to file an expedited emergency great writ habeas corpus ad subjiciendum".  D.Md. 1:19-CV-1120, ECF No. 1.  On May 17, 2019, the district court issued a memorandum opinion and order which dismissed the petition for habeas corpus.  D.Md. 1:19-CV-1120, ECF Nos. 3, 4.  The memorandum opinion summarized Petitioner's claims, that he "alleg[ed] his confinement violate[d] his liberty interest and rights" and noted that Petitioner "assert[ed] no facts in support of [his] bare and conclusory assertions."  D.Md. 1:19-CV-1120, ECF No. 3 at 2.

**D.    Instant Petition for Relief under § 2241**

On November 25, 2019, Petitioner submitted his Petition for Habeas Corpus challenging the court's subject matter jurisdiction over him, and by implication, appearing to challenge both his conviction and sentence.  ECF No. 1.  In support of his § 2241 petition before this Court, Petitioner states two similarly worded grounds for relief.  Id. at 5 - 6.

Petitioner first alleges that he is "a foreign minister currently detained in custody in violation of the United States law [and] Constitution Amendment 10 and treaties made under the authority of the United States. . . "  Id. at 5.  Second, Petitioner claims he is "currently detained in . . . violation of [his] inalienable rights through the US Constitution Article I, section 10, Contract Clause, therefore . . . [he is] held by way of fraud, deceit, and collusion, thus, without any judgment of decree by laws of the United States."  Id. at 6.  For relief, Petitioner states, "I command this Honorable court judge to execute

6

expedited order[s] from chambers to command the Respondent/WARDEN R. HUDGINS to unconditionally immediately release my body from custody of the US Marshals and Federal Bureau of Prisons Authority without delay into society at large." Id. at 10.

Further, Petitioner fails to asset the reasons why any potential remedy by way of § 2255 is inadequate or ineffective to test the legality of his detention. ECF No. 1 at 9. Instead, Petitioner merely indicates that such a requirement is inapplicable to him. Id.

### III.   LEGAL STANDARDS

#### A.  Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous,

7

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C.  Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the District Court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and

---

[5] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

prison conditions in the facility where he is incarcerated." <u>Adams v. United States</u>, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[6] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. <u>In re Vial</u>, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[7] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is

---

[6] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.    The date on which the judgment of conviction becomes final;

    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[7] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

challenging the legality of his <u>conviction</u> or the legality of his <u>sentence</u>.   See <u>United States v. Wheeler</u>, 886 F.3d 415, 428 (4th Cir. 2018); <u>In re Jones</u>, 226 F.3d 328, 333–34 (4th Cir. 2000).   When a petitioner is challenging the legality of his <u>conviction</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>three</u> of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;

> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his <u>sentence</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>four</u> of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;

> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and

> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

<u>Wheeler</u>, 886 F.3d at 429.   The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in <u>Wheeler</u>.   <u>Id.</u>

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the <u>Jones</u> test (if challenging the legality of his conviction) or the <u>Wheeler</u> test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.   <u>See</u> <u>Wheeler</u>, 886 F.3d at 423–26.

## IV.   ANALYSIS

To the extent that Petitioner filed a § 2241 motion and invoked the § 2255(e) savings clause pursuant to <u>Wheeler</u>, as explained in <u>In re Vial</u>, § 2241 relief does not become available simply because § 2255 relief is no longer available due to either a time bar or failing to raise an issue on direct appeal.   115 F.3d at 1194.   Moreover, the one year limitation for an initial § 2255 petition has long passed.   Judgment was entered in this case on December 19, 2006, and became final 14 days later, on January 2, 2007.   Petitioner's direct appeal to the Fourth Circuit resulted in his conviction being affirmed on November 15, 2007.   He did not seek a writ of certiorari.   A § 2255 petition cannot be deemed inadequate or ineffective in this matter merely because Petitioner did raise the instant issues on direct appeal or in an earlier § 2255 motion.

Furthermore, Petitioner cannot demonstrate that § 2255 is inadequate or ineffective because he cannot meet all four prongs of the <u>Wheeler</u> test.   As for the first prong, Petitioner was sentenced to 149 months of imprisonment on December 19, 2006, a sentence which was legal at that time.   Petitioner's essentially alleges that he is

11

a "sovereign citizen", whereby he considers himself to be a "foreign minister" to whom the criminal laws of the United States do not apply.[8]   Petitioner does cite to any change in the law which was subsequent to his conviction or sentence which would merit consideration of his claims under § 2241.   Accordingly, Petitioner cannot meet the second prong of <u>Wheeler</u>.  That prong has two clauses, the first of which requires a change in the substantive law which change is both subsequent to direct appeal and Petitioner's first § 2255 motion.  The second clause of the second prong requires that the change in substantive law mandated by the first clause must also be deemed to apply retroactively on collateral review.  Because there has been no change in the law, it is impossible for Petitioner to meet either of the two clauses of the second prong of the <u>Wheeler</u> test.  Accordingly, because Petitioner cannot meet the second prong of the <u>Wheeler</u> test, this Court need not address the third or fourth prongs, and Petitioner is unable to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention.

Accordingly, Petitioner's claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition on the merits.  When subject-matter

---

[8]   Petitioner is an adherent of the "sovereign citizen" movement. The sovereign citizen concept was addressed by the Fourth Circuit Court of Appeals in <u>United States v. Glover</u>, 715 F. App'x 253, 255 (4th Cir. 2017), cert. denied, 138 S. Ct. 1454, 200 L. Ed. 2d 727 (2018). In <u>Glover</u>, the defendants filed meritless pro se motions based on the assertion that they were "sovereign citizens."  The Fourth Circuit explained that:

> Adherents to sovereign citizen theory believe in a vast governmental conspiracy "governed by complex, arcane rules," according to which sovereign citizens are "exempt from many laws, including the obligation to pay taxes, and ... can be empowered to seize private property, enforce legal actions against individuals, and claim money from the government." J.M. Berger, *Without Prejudice: What Sovereign Citizens Believe*, George Washington University Program on Extremism 2 (June 2016), https://extremism.gwu.edu/sites/extremism.gwu.edu/files/downloads/JMB%20Sovereign%20Citizens.pdf.

12

jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.      RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

It is further **RECOMMENDED** that Petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] and motion for expedited response [ECF No. 3] be **TERMINATED** as **MOOT.p**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.   Objections  shall  not  exceed  ten  (10)  typewritten  pages  or  twenty  (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 104 S.Ct 2393 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:      December 3, 2019


                                         /s/ *Robert W. Trumble*
                                         ROBERT W. TRUMBLE
                                         UNITED STATES MAGISTRATE JUDGE